IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff,* § § v. § § JOSE SOCORRO AVALOS-MARTINEZ, § § *Defendant.* § § | No. SA-13-CR-00013-XR |

## ORDER

On this day, the Court considered the United States of America's motion to quash. Doc. No. 48. After careful consideration, the Court GRANTS the motion.

## BACKGROUND

On December 11, 2012, Defendant Jose Socorro Avalos-Martinez was arrested by federal authorities and charged with illegal reentry into the United States in violation of 8 U.S.C. §§ 1326 (a) and (b)(1). Defendant contends that when he reentered the United States on January 8, 2001, he did so with the permission of the officials at the Eagle Pass port of entry ("POE"). Doc. No. 39. Since his arrest, Defendant has been in federal custody. On December 17, 2013, Defendant served a subpoena *duces tecum* on the Government Accountability Office ("GAO"). This subpoena seeks the production of "all data/documentation" related to the production of three official GAO reports on border

1

security.[1]  Doc. No. 48, Ex. A.  In addition, Defendant seeks to compel the presence of a GAO employee to testify at trial. *Id.*

## LEGAL STANDARD

Federal Rule of Criminal Procedure 17(c) governs the issuance of a subpoena *duces tecum* in a federal criminal matter. *United States v. Nixon*, 418 U.S. 683, 697-98 (1974). The rule provides authority for the Court to quash motions that are "unreasonable or oppressive." FED. R. CRIM. P. 17(c)(2).  A party seeking a Rule 17 subpoena "must show that: (1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (citing *Nixon*, 418 U.S. at 700).  "The specificity and relevance elements require more than the title of a document and conjecture as to its contents." *Id.*  Instead, a movant must generally request specific documents and cannot request entire categories of files. *See, United States v. Carriles*, 263 F.R.D. 400, 402 (W.D. Tex. 2009)("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought, but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."). With respect to the relevance requirement, the materials sought in the subpoena must have "real relevance to the particular counts with which [movant] was charged. *United States v. Butler*, 429 F.3d 140, 149 (5th Cir. 2005).

## DISCUSSION

1. **The Government's Standing:**

---

[1] These reports are titled: (1) *Border Security: Challenges in Implementing Border Technology*  (March 12, 2003);  (2) *Land Border Ports of Entry: Vulnerabilities and Inefficiencies in the Inspections Process* (August 18, 2003)  and;  (3) *Border Security: Despite Progress, Weaknesses in Traveler Inspections Exist at Our Nation's Ports of Entry* (November 5, 2007).

As an initial matter, Defendant challenges the Department of Justice's ("DOJ") standing to quash a subpoena directed at the GAO because "the government does not possess the materials subpoenaed from the GAO." Doc. No. 50 at 1. This argument fails on its own terms. The GAO is an arm of the United States government. 31 U.S.C. § 702. Therefore, if the GAO is in possession of the materials, the United States government is also in possession of the materials.

Next, Defendant argues that the DOJ, as an executive branch agency, does not have standing to quash a subpoena directed at the GAO because it is a congressional office. This argument overlooks the fact that the DOJ is responsible for litigating cases on behalf of the entire federal government. 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice."). Accordingly, unless otherwise provided for by law, the DOJ represents the U.S. government, including the GAO, in litigation.

In addition, case law clearly indicates that the DOJ represents the GAO and other non-executive branch agencies in litigation. *Int'l Fed'n of Prof'l & Technical Engineers v. United States*, 934 F. Supp. 2d 816 (D. Md. 2013) (DOJ representing GAO in suit by union); *Coll. Sports Council v. Gov't Accountability Office,* 421 F. Supp. 2d 59, 61 (D.D.C. 2006). In addition, the DOJ represents other congressional agencies such as the U.S. Capitol Police. *See Kroll v. U.S. Capitol Police*, 847 F.2d 899, 901 (D.C. Cir. 1988). Finally, the argument that the DOJ only represents the executive branch is further belied by its representation of the

Administrative Office of the Courts, a part of the judicial branch. *See Pollack v. Hogan*, 703 F.3d 117, 119 (D.C. Cir. 2012).

Defendant's allusions to separation of powers concerns are unavailing. Here, the DOJ seeks to quash a subpoena *requiring* the GAO to turn over its files. There is nothing stopping the GAO from voluntarily disclosing the files to Defendant, should it wish to do so.[2] Thus, the notion that the executive branch is somehow intruding on the legislative branch's prerogative is misguided. Permitting the DOJ to quash a subpoena requiring the GAO to turn over documents does not incur the risk that the executive branch will usurp the functions of a co-equal branch of government. *Cf.* THE FEDERALIST No. 47 (J. Madison). In this case, the DOJ represents the "United States of America," which includes all government agencies, including the GAO. As a result, the DOJ has the same standing to quash a subpoena directed at the GAO as it does to quash subpoenas directed at other government agencies.

In the alternative, even accepting the premise that the DOJ only represents the executive branch and not congressional agencies such as the GAO, the DOJ would still likely have standing to file this motion to quash. It is well settled that a party "has standing to quash subpoena addressed to another if subpoena infringes on movant's legitimate interest." *United States. v. Raineri*, 670 F.2d 702, (7th Cir. 1982). Here the United States government, represented by the DOJ, has a legitimate interest in preventing one of its instrumentalities from being compelled to produce voluminous information that is not relevant to an ongoing criminal prosecution. Therefore, even if the DOJ's representation of the "United States of

---

[2] Moreover, as Defendant correctly notes, all of this information is available to him via a Freedom of Information Act request.

America" in this proceeding somehow does not cover the GAO, the DOJ would still have standing to quash based on its legitimate interest.

Furthermore, even if the DOJ did not have standing to quash, Rule 16 of the Federal Rules of Criminal Procedure provide that this Court may, "for good cause," restrict a discovery request. FED. R. CRIM. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). Here, the Court finds that good cause exists to restrict Defendant's attempted discovery of the materials used to prepare the three GAO reports because he has failed to establish the relevance of the information requested.

2. *Rule 17 Analysis:*

Defendant has not established the relevance of the materials he seeks. Defendant is charged with illegal reentry into the United States. To obtain a conviction under 18 U.S.C. § 1326(a) the government must prove that a defendant did not have authorization from the Secretary of Homeland Security to reenter the United States after having been deported.[3] *See United States v. Jara-Favela*, 686 F.3d 289, 302 (5th Cir. 2012) (citing *United States v. Cardenas–Alvarez*, 987 F.2d 1129, 1131–32 (5th Cir. 1993)). In this case, Defendant contends that his reentry was "authorized" because border patrol agents granted him entry to the United States even after he allegedly stated to them that he had previously been deported. Doc. No. 39.

---

[3] Although previously delegated to the Attorney General, the Secretary of Homeland Security, acting through the Under Secretary for Border and Transportation Security, is currently responsible for granting permission to aliens not otherwise lawfully admitted. 6 U.S.C. § 202. As of March 1, 2003, the consent function of the Attorney General was transferred to the Department of Homeland Security. *United States Fajardo- Fajardo*, 594 F.3d 1005, 1008 (8th Cir. 2010)

Defendant argues that the materials are relevant to his defense that his entry was authorized because they "will debunk the notion of a properly guarded border … by proving that someone like Mr. Avaloss (sic) could have been allowed to pass." Doc. No. 50 at 4. In other words, Defendant contends that the requested materials will show that it was plausible for him to have received permission from a border patrol agent to re-enter the United States despite having disclosed his prior deportation.[4]

That the requested materials *may* show that it was possible for a border patrol agent to have erroneously granted Defendant re-entry does not make them relevant. Even if Defendant can establish his recounting of the facts, the permission of the border patrol agents working at the Eagle Pass POE to enter the United States does not constitute "authorization" within the meaning of the statute. *Anderson v. Napolitano*, 611 F. 3d 275, 278 (5th Cir. 2010) (finding that a passport stamp provided by border patrol agents was not evidence of "authorized" reentry for previously deported alien); *United States v. Trevino-Martinez*, 86 F.3d 65, 68 (5th Cir. 1996). The procedure to apply for "authorization" to reenter the United States after deportation is provided in 8 C.F.R. § 212.2. Defendant has not alleged that the materials he seeks in this subpoena will offer any evidence that he complied with this procedural mechanism.

Inasmuch as Defendant seeks the evidence to show that he entered the United States under the erroneous belief that his re-entry was authorized, the Fifth Circuit has clearly held that specific intent is not an element of an illegal reentry offense. *United States v. Flores-Martinez*, 677 F.3d 699, 712 (5th Cir. 2012) *cert. denied*, 133 S. Ct. 326, (U.S. 2012)

---

[4] In support of this position, Defendant has provided numerous excerpts from the GAO reports themselves which tend to establish the unremarkable reality that sometimes border patrol agents make mistakes and erroneously permit unauthorized individuals entry into the United States.

("Accordingly, not only is [Defendant's] belief that he was entitled to reenter the United States … not a defense, but also his "innocent" mental state is irrelevant."); *Treviño–Martinez*, 86 F.3d at 68. As a result, Defendant has not shown how the materials used to create these reports will offer information relevant to his claim that his re-entry was authorized within the meaning of the statute. *See Butler*, 429 F.3d at 149 (to be relevant, requested information must pertain to pending charges).

In addition, Defendant's subpoena does not describe the documents he seeks with adequate specificity. Here, Defendant seeks "any and all" materials related to the preparation of three large government reports. Doc. No. 48, Ex. A. He does not identify any specific document by name, and instead seeks an entire class of materials. *See Carrilles*, 263 F.R.D. at 505 (finding that movant cannot meet specificity requirement when requesting entire categories of materials). Defendant asserts in a conclusory fashion that "there is nothing overbroad about the subpoena." Doc. No. 50 at 3. Defendant attempts to draw an analogy to the discovery of data prepared by an expert witness for the government "whose testimony is key to the case." *Id.* However, this analogy is not on point because the GAO Reports are not in any way akin to expert testimony and are not being put forward by the Government as evidence in this case. Accordingly, he has not met his burden of describing the requested materials with specificity.

Finally, with respect to Defendant's request to have someone from GAO testify, he has failed to show how this testimony would be relevant to his defense for the same reasons he has not shown that any of the tangible documents he seeks are relevant to his claim that his reentry was authorized by the Secretary of Homeland Security.

## CONCLUSION

In light of the foregoing analysis, the Court finds that Defendant has not established the relevance of the materials he seeks. Accordingly, the motion to quash is GRANTED. Doc. No. 48.

SIGNED this 6th day of February, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE