IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>JOSE SOCORRO AVALOS-MARTINEZ,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§   No.  SA-13-CR-00013-XR<br>§<br>§<br>§<br>§<br>§ |

## ORDER

On this day, the Court considered Defendant's motion to compel discovery. Doc. No. 52. After careful consideration, the Court DENIES the motion.

## BACKGROUND

On December 11, 2012, Defendant Jose Socorro Avalos-Martinez was arrested by federal authorities and charged with illegal reentry into the United States in violation of 8 U.S.C. §§ 1326 (a) and (b)(1).[1] Defendant contends that when he reentered the United States on January 8, 2001, he did so with the permission of certain unnamed immigration officials at the Eagle Pass port of entry ("POE"). Doc. No. 30. In addition, Defendant asserts that he is entitled to an entrapment by estoppel defense because the border patrol agents allegedly permitted him to enter the U.S. after he informed them of his prior deportation. Doc. Nos. 30 & 52.

---

[1] To obtain a conviction in this case, the government must prove that Defendant: (1) was an alien at the time of the alleged offense; (2) had been previously deported; (3) attempted to enter the United States; and (4) had not received the express consent of the Attorney General or the Secretary of the Department of Homeland Security. 18 U.S.C. § 1326.

1

On December 17, 2013, Defendant served a subpoena *duces tecum* on the Government Accountability Office ("GAO"). The subpoena sought the production of "all data/documentation" related to the production of three GAO reports on border security.[2] Doc. No. 48, Ex. A. On February 6, 2014, this Court granted the government's motion to quash this subpoena on the grounds that Defendant had not established either the relevance or materiality of the documentation he requested. Doc. No. 51. In its order, the Court noted that the GAO was an arm of the United States government. *Id.* On February 17, 2014, Defendant filed this motion for discovery of the same material under Rule 16 of the Federal Rules of Criminal Procedure. Doc. No. 52.

## DISCUSSION

Under Rule 16 this Court may restrict a discovery request "for good cause." FED. R. CRIM. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). After considering Defendant's arguments, the Court again finds that good cause exists to restrict Defendant's attempted discovery of the materials used to prepare the three GAO reports because he has failed to establish the relevance of the information requested. Defendant contends that this Court did not consider the relevance of the requested materials with respect to his entrapment by estoppel defense. Doc. No. 52. In its prior order, the Court found that the materials Defendant seeks are not relevant to his claim that his entry was officially authorized or to any potential mistake of law defense. Doc. No. 51.

---

[2] These reports are titled: (1) *Border Security: Challenges in Implementing Border Technology* (March 12, 2003); (2) *Land Border Ports of Entry: Vulnerabilities and Inefficiencies in the Inspections Process* (August 18, 2003) and; (3) *Border Security: Despite Progress, Weaknesses in Traveler Inspections Exist at Our Nation's Ports of Entry* (November 5, 2007).

2

The entrapment by estoppel defense is available only "when a government official or agent *actively* assures a defendant that certain conduct is legal and the defendant reasonably relies on that advice and continues or initiates the conduct." *United States v. Spires*, 79 F.3d 464, 466 (5th Cir. 1996) (emphasis added). The "government must [have] actively mislead the defendant by inducing him to rely on 'an affirmative misrepresentation of the law by [the government official].'" *United States v. Trevino-Martinez*, 86 F.3d 65, 69 (5th Cir. 1996) (quoting *United States v. Howell*, 37 F.3d 1197, 1204 (7th Cir. 1994), *cert. denied*, 514 U.S. 1090 (1995)). In addition, for the reliance to be reasonable, a defendant must show that "a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." *Id* (internal citations omitted).

As an initial matter, the Court reiterates its prior finding that there has been no showing that the requested GAO materials will offer any information that is specifically relevant to Defendant's January 2001 reentry to the United States. Defendant has neither alleged, nor is their reason to believe, that the requested materials pertain to him personally. Instead, he appears to seek the materials in order to show more generally that the border was poorly guarded around the time of his reentry and that, as a result, his story is plausible. Doc. No. 52. Specifically, Defendant contends that the agents at the Eagle Pass POE permitted him to enter the United States despite their awareness that he had previously been deported. Doc. No. 39. Assuming, for the sake of argument only, that this recitation of the facts is accurate, there is still no reason to think that the GAO materials are relevant to the entrapment by estoppel defense.

This defense will only be available if Defendant can show some affirmative misrepresentation made by border patrol agents with respect to the legality of Defendant's reentry. Put another way, the entrapment by estoppel defense only applies if Defendant can show that the border patrol agents actively misled him on whether they had authority on behalf of either the Attorney General or the Secretary of the Department of Homeland Security to reauthorize his entry, despite his prior deportation.[3] Defendant has not alleged that the materials he seeks contain evidence about any conversation he had with any border patrol agents, such that it may be relevant to his claim that they allegedly actively mislead him.

In *Trevino-Martinez*, the Fifth Circuit rejected a defendant's entrapment by estoppel defense under similar circumstances. 86 F.3d at 69-70. The Defendant alleged that the U.S. consulate in Monterrey "entrapped" him by erroneously granting him a non-immigrant visa, despite his prior deportation. *Id.* at 69. The Fifth Circuit rejected this defense, noting that Defendant "did not demonstrate that the American consulate affirmatively misrepresented as legal his attempts to reenter this country; [Defendant] was not actively misled by the government since the consulate did not assure Trevino that his actions were proper." *Id.* at 69-70. Thus, the mere fact that some government agent made a mistake with respect to permitting entry is insufficient as a matter of law to make the entrapment by estoppel defense available in illegal reentry cases.[4]

Under *Trevino-Martinez*, the mere fact of being allowed entry into the United States is insufficient and evidence of an affirmative misrepresentation on behalf of the government is required to establish the defense. *Id*; *United States v. Garcia*, 288 F. App'x. 888, 889 (4th Cir.

---

[3] As of March 1, 2003, the consent function of the Attorney General was transferred to the Secretary of the Department of Homeland Security. *United States Fajardo- Fajardo*, 594 F.3d 1005, 1008 (8th Cir. 2010)

[4] The entrapment by estoppel defense is grounded in due process. *Raley v. Ohio*, 360 U.S. 423 (1959). Due process protects individuals from egregious governmental misconduct, not from simple clerical mistakes.

2008) (requiring defendant to show that government "actually told him conduct was permissible," in order to establish entrapment by estoppel.). Crucially, there is no reasonable basis to believe that the requested GAO materials will offer any evidence related to any alleged verbal misrepresentation made by Border Patrol agents working at the Eagle Pass POE on January 8, 2001. The Court finds that there is no reasonable probability that the requested materials will offer any information on the representations (or lack thereof) made by the border patrol agents to Defendant. As a result, good cause exists to restrict Defendant's discovery request because the requested materials are not relevant to any of his defenses.

## CONCLUSION

In light of the foregoing analysis, Defendant's motion for discovery under Rule 16 is DENIED. Doc. No. 52.

SIGNED this 20th day of February, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE